[Cite as *State v. Lusane*, 2017-Ohio-8628.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-P-0066** |
| - vs - | : | |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 2005 TRC 11364 R.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane,* pro se, PID: 660-925, TCC Camp, P.O. Box 640, 5701 Burnett Road, Leavittsburg, OH 44430 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} On September 11, 2017, appellant, Matthew M. Lusane, filed a pro se motion for leave to file a delayed appeal and a notice of appeal. Appellant appeals his December 27, 2005 conviction for OVI. The appeal is untimely by almost 12 years.

{¶2} No brief or response opposing the motion for leave has been filed.

{¶3} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1).

{¶4} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶5} "(a) Criminal proceedings;

{¶6} "(b) Delinquency proceedings; and

{¶7} "(c) Serious youthful offender proceedings.

{¶8} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals." App.R. 5(A).

{¶9} Appellant contends that he was unaware that his conviction ever existed. He describes it as a "Ghost Conviction." He claims that "no record exists that shows [that he] voluntarily, knowingly and intelligently entered a plea of guilty to the misdemeanor OVI under Traf.R. 10 waiving constitutional rights as result of the plea." He further states that his guilty plea was made without his consent. Appellant indicates that he discovered the "Ghost Conviction" in early 2011.

{¶10} Accepting appellant's statements are true, he admits that "in the early part of 2011" he discovered his conviction. Appellant did not file a notice of appeal, but rather he filed a motion to vacate his plea with the trial court.

2

{¶11} By waiting nearly 12 years since his conviction, and over 6 years since discovering the conviction to file an appeal, clearly appellant was not diligent in protecting his appellate rights. Additionally, appellant's reasons as cause for the delay do not justify waiting that length of time to initiate a direct appeal.

{¶12} Accordingly, appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶13} Appeal dismissed.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.